UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: TOMMIE J. McKEY and PATSY M. McKEY                CASE NO. 03-10154-DWH

TOMMIE J. McKEY and PATSY M. McKEY                       PLAINTIFFS

VERSUS                                                    ADV. PROC. 09-1155

OCWEN LOAN SERVICING, LLC                                 DEFENDANT

OPINION

On consideration before the court is a motion for summary judgment filed by the defendant, Ocwen Loan Servicing, LLC, ("Ocwen"); a response to said motion having been filed by the Plaintiffs, Tommie J. McKey and Patsy M. McKey, ("debtors"); and the court, having heard and considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This is a core adversary proceeding as defined in 28 U.S.C. §157(b)(2)(A), (B), and (O).

II.

On January 10, 2003, the debtors filed a voluntary petition for relief pursuant to Chapter 13 of the Bankruptcy Code. Their Chapter 13 plan was confirmed on April 30, 2003. The plan included the repayment of a debt owed to Ocwen that was secured by a deed of trust encumbering the debtors' residential real estate. Ocwen was paid all pre-petition arrearages and all regular monthly payments that were required by the plan.

Shortly before the plan was completed, the Chapter 13 trustee filed a motion to determine that the debt owed to Ocwen was current and that all defaults were cured. Ocwen filed no response to this motion, and the motion was granted by an order of the court dated September 18, 2008. The debtors received their discharge on August 8, 2008.

The debtors filed this adversary proceeding on August 27, 2009, after reopening their bankruptcy case. They assert claims against Ocwen for violations of the automatic stay, violations of §§105 and 506 of the Bankruptcy Code, and Rule 2016 of the Federal Rules of Bankruptcy Procedure. They contend that Ocwen assessed their account with improper and unlawful charges, totaling approximately $1,860.00, which were not approved or authorized by the bankruptcy court. The debtors allege that these charges were concealed from them, the trustee, and the court, and were unlawfully collected through the misapplication of payments made pursuant to the plan.

Ocwen has filed this motion for summary judgment asserting that it is entitled to a judgment as a matter of law.

### III.

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056; Uniform Local Bankruptcy Rule 18. The court must examine each issue in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Phillips v. OKC Corp.*, 812 F.2d 265 (5th Cir. 1987); *Putman v. Insurance Co. of North America*, 673 F.Supp. 171 (N.D. Miss. 1987). The moving party must demonstrate to the court the basis on which it believes that summary

judgment is justified. The nonmoving party must then show that a genuine issue of material fact arises as to that issue. *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.29 265 (1986); *Leonard v. Dixie Well Service & Supply, Inc.*, 828 F.2d 291 (5th Cir. 1987), *Putman v. Insurance Co. of North America*, 673 F.Supp. 171 (N.D. Miss. 1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party." Phillips, 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." *Phillips*, 812 F.2d at 272.

The court notes that it has the discretion to deny motions for summary judgment and allow parties to proceed to trial so that the record might be more fully developed for the trier of fact. *Kunin v. Feofanov*, 69 F.3d 59, 61 (5th Cir. 1995); *Black v. J.I. Case Co.*, 22 F.3d 568, 572 (5th Cir. 1994); *Veillon v. Exploration Services, Inc.*, 876 F.2d 1197, 1200 (5th Cir. 1989).

IV.

The court is of the opinion that this adversary proceeding has numerous material factual issues remaining in dispute. The debtors' loan history, the methodology employed by Ocwen in the application of the debtors' plan payments, and the assessment of charges to the debtors' loan account must be developed through an evidentiary hearing. As a result, the court concludes that Ocwen's motion for summary judgment is not well taken.

A separate order will be entered consistent with this opinion.

This the 31st day of January, 2011.

/s/ David W. Houston, III
DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE